555 NEW

1  **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

2  ORIGINAL                                    FEB - 5 2008

3  Name _REYES            EDUARDO_                    RICHARD W. WIEKING
                                                      CLERK, U.S DISTRICT COURT
4      (Last)          (First)         (Initial)      NORTHERN DISTRICT OF CALIFORNIA

5  Prisoner Number _P-71966_

6  Institutional Address _P.B.S.P.  P.O.B. 7500, CRESCENT CITY_

7  _CA. 95532_

8  ══════════════════════════════════════════════

9  E-filing    **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**    **(PR)**
10

11  _EDUARDO REYES._        **CV** ) **08       0813**
    (Enter the full name of plaintiff in this action.)

12                vs.                     ) Case No. _____
                                          )  (To be provided by the clerk of court)
13  _RICHARD KIRKLAND "WARDEN"_           )
                                          )  **COMPLAINT UNDER THE**
14  _M. YAX "A.U.O."_              )       **CIVIL RIGHTS ACT,**
                                          )  **42 U.S.C §§ 1983 ;**
15  _S. ANDERSON "WATCH COMMANDER"_       )  _Jury Trial Requested_
                                          )
16  _JOHN DOES "C.O.'s" ETAL_             )
    (Enter the full name of the defendant(s) in this action))
17                                        )

18  *[All questions on this complaint form must be answered in order for your action to proceed..]*

19  I.    Exhaustion of Administrative Remedies

20        [Note: You must exhaust your administrative remedies before your claim can go

21        forward. The court will dismiss any unexhausted claims.]

22        A.    Place of present confinement _PELICAN BAY STATE PRISON_

23        B.    Is there a grievance procedure in this institution?

24              YES (✓)    NO ( )

25        C.    Did you present the facts in your complaint for review through the grievance

26              procedure?

27              YES(✓)    NO ( )

28        D.    If your answer is YES, list the appeal number and the date and result of the

COMPLAINT                    - 1 -

1    appeal at each level of review. If you did not pursue a certain level of appeal,

2    explain why.

3    1. Informal appeal _ByPASSed_

4    _____

5    _____ 2. First

6    formal level _Bypassed._

7    _____

8    _____

9    3. Second formal level _BO6-01640,  Jan 31,2007. Factially granted._

10   _as retaliation will be taken against petitioner, incident_

11   _under review by EXECUTIVE Review Committee._____ 4 Third

12   formal level _IAB NO: 0610464  May 11,2007. Appeal denied._

13   _____

14   _____

15   E.    Is the last level to which you appealed the highest level of appeal available to

16         you?

17              YES (X)    NO ( )

18   F.    If you did not present your claim for review through the grievance procedure,

19   explain why. ___N/A·___

20   _____

21   _____

22   II.    Parties

23   A.    Write your name and your present address. Do the same for additional plaintiffs,

24         if any.

25   _EDUARDO REYES  C.D.C.#71766_

26   _felican Bay STATE PRISON_

27   _P.O.Box 7500 , CRESCENT CiTy, CA 95532_

28   B.    Write the full name of each defendant, his or her official position, and his or her

COMPLAINT                    - 2 -

## PARTIES.

1. Plaintiff EDUARDO REYES. INMATE housed in Pelican Bay State Prison, and was housed there throughout the events described in this complaint.

2. Defendant Robert Horel is the warden of P.B.S.P. and responsible for the treatment of inmates under his authority and the training of officers

3. Defendant M. yax. was the highest ranking officer in charge during the events described in this and was the designated A.O.D.

4. Defendant S. Anderson was the B-yard sgt. and watch commander during the events described in this complaint and was responsible for assigning clean up crews to decontaminate o.c. affected sprayed cells. and for issuing the order to allow plaintiff to remain in boxer shorts and socks only and handcuffed hands behind his back for a period exceeding 16 hours and overnight.

5. Defendant John Does (floor officers in B-yard 8 block, to be named later) are responsible for assuring that inmates housed within their assigned buildings recieve the basic hygenic necessities.

PARTIES

(Cont...)

6 Defendants. Sgt. Pippion, Slavec, Chapman, Miller, Love, George and Richcreek, were assembled as an extraction-team and responsible for extracting Plaintiff with unneccesary force and escorting inmate to concrete yard.

7. Defendant D. Nelson is the 8 block control booth Tower officer and was responsible for watching plaintiff and other defendants in the concrete yard.

1    place of employment.

2    RICHARD KIRKLAND "WARDEN", Pelican Bay STATE Prison.

3    M. yAX "AOD" Pelican Bay STATE Prison

4    S. ANDERSON. "WATCH COMMANDER" Pelican Bay STATE Prison

5    (see list of PARTIES Defendants; all employed by Pelican Bay STATE

6    Prison, P.O.B.7500, CRESCENT CITY, CA 95532.                III.

7    Statement of Claim

8    State here as briefly as possible the facts of your case. Be sure to describe how each

9    defendant is involved and to include dates, when possible. Do not give any legal arguments or

10    cite any cases or statutes. If you have more than one claim, each claim should be set forth in a

11    separate numbered paragraph.

12    1. on June 24, 2006, Pelican Bay STATE Prison's B-yard was locked

13    down and an emergency Count was called since some inmates

14    classified as "Southern Hispanics" began To cover their cell doors

15    with linen

16    2. Plaintiff Eduardo Reyes classified as a "Southern Hispanic" was

17    targeted by defendants, to be removed from his cell and placed in

18    an open-roof enclosure known as "concrete yard."

19    3. Sgt. Peppiot (defendant), C.O's, Slavec, chapman, miller, Richcreek,

20    George, and love (defendants) approached Plaintiffs cell and

21    ordered Plaintiff to be handcuffed.

22    4. without waiting for plaintiff to adhere to orders, all defendants

23    began To administer O.C. spray and flash grenades into the

24    cell. (Continued. next page.

25    IV.    Relief

26    Your complaint cannot go forward unless you request specific relief. State briefly exactly

27    what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

28    A. Issue an injunctive relief ordering and prohibiting warden Robert

COMPLAINT                        - 3 -

Through the cell feeding port.

5. After plaintiff was sprayed and bombed with flash grenades, he was ordered by defendant Peppiot to strip down to his socks and boxers and was escorted handcuffed into the Building 8 concrete yard.

8th Amendment Violation

6. Plaintiff was left in the concrete yard handcuffed with hands behind his back, along with all the inmates classified as "southern hispanic". It was approx. 10:25 pm and plaintiff was left in this position and location for a period stretching over night and exceeding 16 hours, in frigid tempatures.

7. Plaintiff was not fed breakfast or lunch and could not defecate or urinate during this period and was not given basic hygenic necessities such as soap or toiler paper, and expressly denied by defendant, D. Nelson.

8. Plaintiff during this period was wet from the decomtaminated showers defendant Peppiot administered when plaintiff was initially placed in the concrete yard, and became extremely sick with flu.

8th Amendment violation

9. On June 25, 2006, at approx. 1:30 pm, the plaintiff along with the other inmates left out overnight in the concrete court were brought back into Building 8 and back into their cells.

10. Upon going to Plaintiff's assigned cell, Plaintiff was not fed Breakfast or lunch, and when Plaintiff asked the unknown escorting officer, The officer replied "you should of thought about That before."

11. Plaintiff was further stripped in front of his cell of his socks and placed back into the cell. Upon entering Plaintiff noticed that cell was not fully decontaminated. There was orange powder all over the walls and Top bunk and orange puddles of liquid on the cell floor and bottom bunk.

12. Plaintiff looked around the cell and found that the cell was stripped of all plaintiffs property and even all state property. There was no hygenic cosmetics. No linen, no mattress, no eating utensil. There was absolutely nothing in plaintiffs cell.

13. On June 25, 2007, during dinner service, Plaintiff was given a food tray while the cell was still in its contaminated state and plaintiff still lacking a food utensil. Plaintiff asked Defendant John Doe (unknown B-8 floor officer) if he could get a food eating utensil and if the cell was going to be fully decontaminated and if not at least give him a towel so he could do it himself. Defendant John Doe (unknown B-8 floor officer) replied that "nothing is going to happen in regards to cleaning the cell and as far as an eating utensil you could eat with your hands."

14. Plaintiff was left in this state of a contaminated cell, no linen, using the same boxer underwear (contaminated), no eating utensil, for a period of 5 days

15. On June 30, 2007, after 5 days of inhumane treatment and 5 days of cruel living conditions resulting extreme mental stress and sleep deprivation, Plaintiff was transferred to administrative segregation. and promptly filed a grievance in lieu of this inhumane treatment. (see sec, I of this complaint.

## IV. Request for Relief

(Cont...)

1. $5,000 Jointly and severally against defendants S. ANDERSON, D. KAYS, Cook, Robert Horel. for issuing the order to allow Plaintiff wear and clothed only in boxer shorts and socks to remain handcuffed behind his back and outside in the concrete yard for a period exceeding 16 hours and over night causing illness to Plaintiff and emotional and mental stress.

2. $5,000 Jointly and severally against defendants: S. Anderson D. Nelson, Peppiot, and John Doe (to be named) for placing inmate Plaintiff in a cell they were responsible to decontaminate and clean, and withold the basic

## IV. Request for Relief.

(cont...)

necessities of hygenic living including soap, linen, tooth paste, deoderant, a change of Boxer shorts, mattress, eating utensil E.T.C. while the cell and Plaintiffs Boxer shorts remained contaminated with O.C. spray and pepper spray residue.

1  Hotel and P.B.S.P. from duplicating such cruel and inhumane treatment.

2  B. Award compensatory damages in the following amount:

3    i. $ 5,000 Jointly and severally against defendants: Anderson,

4  D.Kings, Cook, Robert Horel, D.Nelson, Peppiot, John Doe (To be named

5  later.) slovec, Richcreek, chapmon, mille, Love, George.

6  C. Award punitive damages in the following amount:

7      I declare under penalty of perjury that the foregoing is true and correct.

8

9    Signed this _Ruyes E._ day of ___1-30___, 2008

10

11              _Reyes Eduardo._

12                  (Plaintiff's signature)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                    - 4 -

EDUARDO REYES, Pro Se litigant

C.D.C. P-71966

P.B.S.P., P.O.B. 7500

CRESCENT CITY, CA. 95532

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA.

EDUARDO REYES.
     PLAINTIFF

V.

ROBERT HOREL. WARDEN. ET AL.
     RESPONDANTS).

CASE NO:

MEMORANDUM OF LAW

This is a civil rights case filed under 42 U.S.C. §1983, by a state prisoner and asserting claims for the unconstitutional subjection of plaintiff to cruel and inhumane treatment and living standard in violation of 8TH Amendment protections of the U.S. Constitution.

facts.

The complaint alleges that the plaintiff was unnecessarily cell-extracted by several correctional officers, and subsequently was stripped of his clothes, remaining in only boxer shorts and socks; and handcuffed with hands behind his back. Furthermore, the plaintiff was forced to remain in this position for a period exceeding 16 hours and over night in an open roof enclosure known as the "concrete yard.

Additionally Plaintiff was placed back into his cell which was not fully decontaminated and had O.C. and pepper spray powdered over the cell walls and contained puddles in the center of the cell as well as bottom bunk which consisted of a mixture of O.C, spray, pepper spray and water. Plaintiff's cell was stripped of all property both personal and state and made to languish inside the cell without any change of linen, cleaning materials, mattresses, eating utensils or basic hygenic necessities for a period of 5 days. Plaintiff filed a grievance concerning the unconstitutional treatment to the warden, which was denied in part only granting that petitioner would not be retaliated against for using the grievance procedure. This decision was reached by defendant warden Robert Horel.

6

ARGUMENT

THE COURT SHOULD APPOINT COUNSEL FOR
THE PLAINTIFF.

In deciding whether to appoint counsel for an indigent inmate litigant, the court should consider the complexity of the cases legal and factual issues (Cookish v. Cunningham, 787 f.2d 1,4 (1st cir. 1986)). In addition, courts have determined that the most important factor is whether the case has merit. Cooper v. A. Sargenti Co. Inc., 877 f.2d 170, 173 (2d cir. 1989) Each of those factors weighs in favor of appointing counsel in this case.

1. Factual Complexity. The plaintiff alleges that supervisory officials of Pelican Bay knew and ordered that plaintiff and other inmates be kept handcuffed, wet, and clothed only in boxer shorts and socks in an open roofed concrete enclosure for a period exceeding 16 hours and including over night. Plaintiff additionally alleges that supervisory officials deliberately allowed their subordinates to allow plaintiff to be placed in a cell not fully decontaminated stripped of all property both personal and state, lacking basic hygenic necessities including soap, eating utensils, clean clothing, linen, or even a change of boxer shorts for a period of 5 days. The number of defendants and claims makes this a factually complex case.

7

2. The plaintiffs inability to investigate. The claims herein involve and require extensive discovery concerning orders showing knowledge and active participation in the cruel and inhumane treatment of plaintiff from supervisory officials leading up and down the administrations chain of command, as well as the Pelican Bay State Prison's long documented past of inmate rights abuse in reports and prior suits and grievances. Tucker v. Dickey 613 f. supp. 1124, 1133-34 (W.D.WIS. 1985) (need for Discovery supports Appointment of Counsel.

3. Conflicting testimony. The plaintiffs account of being held unconstitutionally outside in frigid weather handcuffed hands behind back, wet, and clothed only in boxer shorts and socks over night and exceeding 16 hours contrasts with officers statements that inmates in another block refused to entry building and posed security risks and that was the reason why plaintiff was held in such a position. This aspect of the case presents credibility issues and supports the appointment of counsel. Garson v. Coughlin 679 f. supp. at 273 (W.D.N.Y. 1988.)

4. The ability of the indigent to present his claims. The plaintiff is an indigent prisoner with no legal training and a 5th grade point level. facts that support the appointing of counsel. Whisenant v. Yuam, 739 f. 2d 160, 163 (4th cir. 1984.)

8

5. Legal complexity. The large number of defendants, some of whom are supervisory officials, presents complex legal issues of determining which defendants were sufficiently responsible and personally involved to be held liable for the constitutional violations. Abdullah V. Gunter, 949 f.2d 1032, 1036 (8th cir. 1991)

6. merit of the case. The plaintiff's allegations, if proved clearly would establish a constitutional violation. The events described in the complaint clearly states an Eighth Amendment violation. Wilson v. Seiter 501 U.S. 298 (1991); Palmer V. Johnson, 193 f.3d 346, 352 (5th cir. 1999)

Conclusions.

For the aforementioned reasons plaintiff asserts that his claims make necessary the Appointment of counsel. Plaintiff asserts to the best of his knowledge the foregoing is true and correct under penalty of perjury under the laws of The U.S. and California.

DATED:                                Respectfully submitted.

EDUARDO REYES. C.D.C.# P.71966.
P.B.S.F., P.O.B. 7500
CRESCENT CITY, CA. 95532.

9.



Description: Plaintiffs administrative review
procedure grievance and decisions
through all 3 levels.

12 pages.

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:    MAY 1 1 2007

In re:    Reyes, P-71966
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0610464        Local Log No.: PBSP 06-01640

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pimentel, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that staff at Pelican Bay State Prison (PBSP) abused their authority and used excessive force when the appellant was extracted from his cell. The appellant contends that he was stripped down to his boxer shorts and left outside for an extremely long time. The appellant requests that his "Work Group/Privilege Group" be restored, that all of his property be returned, and that all involved staff be disciplined.

**II    SECOND LEVEL'S DECISION:** The reviewer found that the appellant has not been subjected to misconduct on the part of named staff. The reviewer affirms that appropriate supervisory staff has been assigned to conduct an inquiry into this matter. The Warden's Executive Review Committee reviewed the submitted material and interviewed the involved parties. In order to determine the facts, the inquiry arising from this appeal included his interview; interview of department employees; and review of current policies, laws, and procedures. Additional research may have included interviews of other inmate's or review of the appellant's central file. The First Level of Review and Second Level of Review (SLR) denied the appeal.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.    FINDINGS:** Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by administrative staff and an inquiry has been completed at the SLR. In the event that staff misconduct was substantiated, the institution would take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. In this case, the institution has reported the disposition to the appellant. Although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeals process. Therefore no relief is provided at the Director's Level of Review.

**B.    BASIS FOR THE DECISION:**
California Penal Code Section: 832.7, 832.8
California Code of Regulations, Title 15, Section: 3000, 3001, 3004, 3391
Administrative Bulletin 98/10: PROCESSING OF INMATE/PAROLEE APPEALS, CDC FORMS 602, WHICH ALLEGE STAFF MISCONDUCT

**C.    ORDER:** No changes or modifications are required by the institution.

REYES, P-71966
CASE NO. 0610464
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, PBSP
       Appeals Coordinator, PBSP

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region **PBSP**    Log No. **A06-01640**    Category **7/9**

~~STAFF COMPLAINT~~

claims use of force & conditions
After Violating Dept.
Policy & Procedure

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| REYES, Eduardo | P71966 | | B3-221 |

A. Describe Problem: ON OR ABOUT 10pm, ON SATURDAY JUNE 24, 2006, IN PELICAN BAY STATE PRISON, IN FACILITY B. BUILDING 8; THE P.B.S.P STAFF CARRIED OUT A WILLFUL, PLANNED, PREMEDITATED USE OF GAS TO COMMIT A "CELL EXTRACTION". THE "CELL EXTRACTION" WAS IN TOTAL VIOLATION OF DEPARTAMENTAL PROCEDURES, POLICY & OPERATIONS. AFTER THIS WAS CARRIED OUT, I WAS STRIPPED DOWN TO MY BOXERS & SOCKS, & SHOES, I WAS TAKEN TO THE CONCRETE YARD IN BLDG#7. FOR "DECONTAMINATION". THEN I WAS TAKEN BACK TO BLDG#8, HAD MY SHOES TAKEN & SUBSEQUENTLY HAD PLASTIC CUFFS PLACED ON MY WRISTS W/ MY ARMS BEHIND MY

If you need more space, attach one additional sheet.

B. Action Requested: 1) THAT I BE PLACED BACK ON FULL PROGRAM, MY A-1-A STATUS REINSTATED, ALL MY PROPERTY RETURNED TO ME IN ITS ENTIRETY, THE 115 ISSUED TO ME NULLIFIED - IN THE INTEREST OF JUSTICE. 2) THAT ALL THOSE RESPONSIBLE FOR THE CRUEL, UNUSUAL & INHUMANE

Inmate/Parolee Signature: Reyes Eduardo- P71966    Date Submitted: 7-6-06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: n/A

RECEIVED
FEB 26 2007
INMATE APPEALS BRANCH

~~BYPASS~~

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

~~BYPASS~~

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

TO CPW JUL 9 2008    2ND APPEALS JUL 2 6 2006

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

BYPASS

Staff Signature: _____    Date Completed: _____
Division Head Approved:    Returned
Signature: _____    Title: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

BYPASS

Signature: _____    Date Submitted: _____

Second Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☒ Other _____
7-26-06

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 7-26-06    Due Date: 9-7-06
☒ See Attached Letter

Signature: B. Samples, CCII    Date Completed: 1-29-07
Warden/Superintendent Signature: _____    Date Returned to Inmate: 2/8/07

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

*I WOULD LIKE TO RESOLVE THIS 602 IN A TIMELY MANNER THIS SECOND LEVEL WAS P.GRANTED DO TO THIS INCIDANT*
*PENDING REVIEW BY THE EXECUTIVE REVIEW COMMITTEE (ERC) WHO WILL DETERMINE THE FINDING FOR THESE ALLEGATIONS*
*THERE IS KNOW TIME LINE FOR THE ERC I WOULD LIKE TO RESOLVE THESE ALLEGATIONS IN STATED ON THEST THIS 602*
*REFOR MY 15 DAY OUR UP*

Signature: Reyes Eduardo - P-71966    Date Submitted: 2-19-07

For the Director's Review, submit all documents to:    Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____
☒ See Attached Letter
Date: **MAY 1 1 2007**

CDC 602 (12/87)

BACK & PUT ME BACK IN MY CELL WITH ONLY MY UNDERWEAR & SOCKS. I WAS WET & IT WAS EXTREMELY COLD. IT WAS MAYBE ABOUT 10:45 PM OR THRU WHEN I WAS PLACED INTO THE OPEN AIR CONCRETE YARD. NOW, THE P.B.S.P STAFF BE IT THE C/O'S, SARGEANT, LEUTENANT, CAPTAIN, ASSOCIATE WARDEN, OR WARDEN MADE A DECISION, FOR WHATEVER REASON, AND LEFT ME OUT IN THE CONCRETE YARD ALL NIGHT LONG IN ONLY MY UNDERWEAR, SOCKS & CUFFED BEHIND MY BACK. I WAS NOT TOLD WHY. THE NIGHT TEMPERATURE WAS EXTREMELY FREEZING COLD, I COULD NOT STOP SHAKING AND I WAS DEATHLY AFRAID OF CATCHING A COLD, FLU OR WORSE, IN MEMINIA. I COULD NOT USE THE RESTROOM, EITHER DEFECATE OR URINATE BECAUSE MY ARMS WERE CUFFED BEHIND MY BACK. BECAUSE I HAD NO SHOES, I COULD NOT STAND FOR LONG BECAUSE MY FEET WERE NUMB & HURT FROM THE COLD HARD CONCRETE, I HAVE MEDICAL PROBLEMS W/ MY FEET, WHICH MADE IT WORSE, SO I WAS FORCED TO SIT ON THE COLD HARD CONCRETE. I CANNOT DESCRIBE IN MERE WORDS THE EXCRUCIATING, PENETRATING COLD & TORTUROUS INHUMANE SUFFERING I HAD TO ENDURE THAT WHOLE NIGHT.

AFTER SUCH A LONG, HORRENDOUS, & COLD NIGHT ON SUNDAY MORNING WE ASKED A CORRECTIONAL OFFICER C/O IN SUCH B. CONTROL TOWER IF WE COULD GET SOME SOAP & TOILET PAPER. THE MOST BASIC NECESSITIES IF HYGIENE & HUMAN DECENCY. THE C/O REFUSED AND SARCASTICALLY & MALICIOUSLY STATED "YOU HAVE SOCKS", INSINUATING THAT WE USE OUR SOCKS AS TOILET PAPER. WHEN WE ASKED HIS NAME, THE C/O REFUSED TO GIVE IT & STATED "I WORK ONLY 2 DAYS A WEEK, YOU STILL DON'T KNOW ME? WE THEN ASKED TO TALK TO A SERGEANT OR SOMEONE IN AUTHORITY BUT THE C/O STATED "I'M JUST HERE TO WATCH YOU." THIS REFUSING ANY & ALL OUR REQUESTS. WE ASKED HIM OTHER QUESTIONS BUT HE REFUSED TO TALK & US.

THE CONCRETE YARD WAS FILTHY, IT HAD BIRD FECES, A BIRD'S NEST IN THE UPPER LOWER WINDOW OF THE CONTROL TOWER, WHOSE BIRDS WOULD FLY OVER US & DROP FECES INTO THE CONCRETE YARD. THE CONCRETE YARD ALSO HAD INSECTS, DEAD & LIVE HUMAN HAIR - SCALP & PUBIC, PEBBLES, ROCKS, DIRT & A FOUL SMELLING WATER PUDDLE BY THE TOILET/SINK, ALSO IT HAD DIRTY LINEN & TRASH. THE SINK WAS COMPLETELY FILTHY AND BACTERIA INFESTED. THE SINK BOWL WAS CAKED WITH NOT TOILET PAPER, TRASH GREEN MILDEW, HAIRS, BIRD FEATHERS, DIRT & WHO KNOWS WHAT ELSE. IT WAS TOTALLY & EGREGIOUSLY UNSANITARY, YET I WAS FORCED TO DRINK FROM BECAUSE I HAD NO ALTERNATIVE OR CHOICE. THE TOILET WAS ENCRUSTED W/ DIRTY WATER, MILDEW, HAIRS, BIRD FECES, BACTERIA, DIRT, AND SOME SORT OF SLIME. SINCE I WAS PLASTIC CUFFED BEHIND MY BACK, I HAD TO HOLD MY URINE IN & ALSO MY BOWELS, THE FILTHY CONDITION OF THE TOILET, THE LAK OF TOILET PAPER & WAS IN GREAT FEAR OF CATCHING A DISEASE; SUCH AS M.R.S.A. THE PAIN WAS EXCRUCIATING.

THE PRISON STAFF DID NOT FEED US BREAKFAST OR LUNCH THAT SUNDAY MORNING & AFTERNOON. WHEN WE ASKED TO BE FED ONE OF THE C/O'S IN THE CONTROL BOOTH SAID "WE DON'T FEED OUT HERE", BECAUSE HE FULL WELL KNEW THAT THE FILTH CONDITION OF THE CONCRETE YARD WAS EGREGIOUSLY UNSANITARY & A HEALTH RISK/VIOLATION. I WAS HELD OUTSIDE IN THE FREEZING NIGHT IN MY UNDER-WEAR & SOCKS W/ NO TOILET PAPER, SOAP, FOOD & CUFFED FOR MANY HOURS! SOMETIME SUNDAY NOON, THE C/O'S TOLD US THAT THEY WERE RETURNING US TO OUR CELLS. SOME VOICEDED THEIR OPINIONS THAT THEY NO LONGER WANTED A CELLMATE. THE C/O'S STATED "ALRIGHT WE'LL BE BACK IN FORCE" & "YO EITHER CELL UP WITH SOMEONE OR WE'LL COME & BEAT YOU AN UP AGAIN!" THIS AN EGREGIOUS VIOLATION OF INSTITUTIONAL POLICY - P.B.S.P HAS HAD TWO (2) DEATHS BETWEEN CELLMATES JUST LAST YEAR (2005). THE PROPER WAY TO CELL UP TWO PEOPLE IS TO VERIFY COMPATIBILITY WITH EACH INDIVIDUAL & HAVE THE "MARRIAGE FORM" SIGNED. THIS CONDUCT BY THE P.B.S.P STAFF CLEARLY SHOWS THAT P.B.S.P STAFF DOES NOT COMPLY WITH STATE INSTITUTIONAL PRO-CEDURE, POLICY, RULES, REGULATIONS OR ADHERE TO INMATE'S RIGHTS. AND THAT A P.B.S.P STAFF RETALIATES & THREATENS INMATES WHO DO NOT COMP WITH THEIR ORDERS AS THEY SEE FIT. PELICAN BAY HAS A HISTORY OF INMATE RIGHT VIOLATIONS AND HAS BEEN ADDRESSED/SANCTIONED BY THE CALIFORNIA COURTS TO UPHOLD & FOLLOW THE LAW & INMATE RIGHTS. BUT P.B.S.P STILL RUNS THEIR PRISON & DOES WHAT THEY WANT REGARDLESS OF COURT ORDERS & INMATE CONSTITUTIONAL & INSTITUTIONAL RIGHTS.

AFTER WE ACCEPTED OUR CELLMATE, SHE C/O'S PROCEEDED TO PLACE US BACK IN OUR CELL. BUT FIRST FURTHER STRIPPED ME OF MY SOCKS, LEAVING ME NOW ONLY IN MY UNDERWEAR. THE C/O'S PUT ME & MY CELLMATE BACK IN OUR CELL #13 BLDG 8, WHICH WAS STRIPPED BARE OF ALL CLOTHING, LINEN, & MATTRESSES. THE ALTHOUGH WAS STILL HIGHLY CONTAMINATED. THE FLOOR, BUNKS, WALLS, & LOCKER WERE COVERED IN A GRAY POWDER WHICH BURNED MY EYES, NOSE, HANDS FEET & SKIN. IT ALSO HAD ME COUGHING, NOSE RUNNING BAD, IT BURNED M HANDS & I HAD DIFFICULTY BREATHING. ALSO THE FLOOR & BACK WALL WERE PUDDLE ON THE FLOOR WE ASKED THE BLDG #8 FLOOR OFFICER FOR SOMETHING COMING". THIS IS AN EXTREME INSTITUTIONAL POLICY VIOLATION AND A HAZARD ORANGE RED LIQUID WHICH HAD DOCTORD RAN DOWN & FORMED A CLEAN THE CELL WITH SOAP & TOWEL, BUT HE STATED THAT WE HAD "NOTHING EXPOSURE SEEMED TO BE SOME SORT OF RETALIATORY ACT, SADISTIC PUNISHMEN OUS HEALTH VIOLATION TO ME ALONG WITH MY CONSTITUTIONAL RIGHTS. THIS OR PLAIN & OBVIOUS RECKLESS OR WILLFUL NEGLIGENCE. I ALSO ASKED FOR TOILE PAPER, HE REFUSED. I FINALLY USED THE BATHROOM BUT WAS UNABLE TO CLEAN MYSELF W/ ANYTHING SINCE I HAD NO TOILET PAPER. TOILET PAPER IS A BASIC HUMAN NECESITY FOR HYGIENE. THE CELL WAS STRIPPED BARE OF HIGHLY CONTAMINATED, THE C/O WOULD NOT GIVE ME A MATTRESS, SHEETS, BLANKETS, T-SHIRT OR SOCKS, EVEN AFTER I ASKED SEVERAL TIMES. WHEN DINNER CAME I ASKED FOR A SPOON & THE C/O AGAIN DENIED ME STATING "YOU'LL HAVE TO USE YOUR FINGERS". THAT SUNDAY NIGHT I COULD NOT SLEE THE CELL WAS VERY VERY VERY COLD, THE VENT WAS BLOWING COLD AIR & M BODY WAS IN PAIN & BURNING FROM THE CONTAMINATION. ON MONDAY MORNING I AGAIN ASKED THE C/O FOR SOMETHING TO CLEAN WITH & LET M KNOW THE CELL WAS STILL CONTAMINATED, I ALSO ASKED FOR A T-SHIRT OR SOMETHING TO COVER MYSELF. BUT HE STATED "I CAN'T GIVE YOU ANYTH UNTIL THEY TELL ME." AGAIN AT BREAKFAST & DINNER I WAS DENIED A SPOON. THIS TREATMENT WHICH IS GROSSLY INHUMANE CONTINUED FOR DAY -A TOTAL OF 5. FOR THESE DAYS I WAS DEPRIVED OF SLEEP BECAUSE THE COLDNESS OF THE CELL, THE CONTAMINATION & IT WAS IMPOSSIBLE TO TRY & SLEEP ON A BARE COLD STEEL BUNK IN ONLY UNDERWEAR. THE SERIOUS SLEEP DEPRIVATION & BODY POSITIONS I HAD TO MAINTAIN BOTH OUTSIDE & IN CELL CAUSED ME HEADACHES, COLD CHILLS, COUGHS, HAD ALL MY JOINTS & BONES HURTING & MY FEET HURTING BADLY. DURING AN THIS TIME I WAS NOT TOLD MY STATUS, WAS NOT TOLD WHY I WAS BEING TREATED THIS CRUEL, INHUMANE. OR WAS NOT GIVEN A 114, A CDC CHRONO, OR A 115. THIS TREATING WAS FOUL INHUMANE AND CRUEL & UNUSUAL PUNISHMENT. IT IS ALSO RACIAL DISCRIMINATION.

## RELIEF/ACTION REQUESTED

cont:

PUNISHMENT EXACTED UPON ME BE OFFICIALLY REPRIMANDED & DISCIPLINED TO THE FULLEST EXTENT, AND THAT I BE ~~PROCESSED~~ FULL & ADEQUATELY COMPENSATED FOR THIS EGREGIOUS VIOLATION OF MY CONST ITUTIONAL RIGHTS.
3) THAT I BE TRANSFERRED FROM THIS INSTITUTION, AS SOON AS POSSIBLE, TO ONE CLOSER TO MY FAMILY, AND NOT BE RETURNED/~~OR~~ TRANS FERRED BACK TO THIS MAINLINE.
4) FINALLY THAT NO RETALIATION OR HARRASMENT BE WAGED OR CONDUCTED UPON ME /OR AGAINST ME FOR THIS ACTION.

EDUARDO G. REYES P-71966

pg #2 FROM 602                              REYES, E. # P71966

| PELICAN BAY STATE PRISON |
| SECOND LEVEL REVIEW |

DATE: **JAN 3 1 2007**

Inmate REYES, P-71966
Pelican Bay State Prison
Facility B, General Population
Building 7, Cell 221

RE:    WARDEN'S LEVEL DECISION                    APPEAL: PARTIALLY GRANTED
       APPEAL LOG NO. PBSP-A-06-01640            ISSUE: STAFF COMPLAINT

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP). T. Bosley,
Correctional Lieutenant interviewed the inmate during a Fact-Finding investigation on November 9, 2006.

### ISSUES

The inmate requests adverse action be taken against staff for their alleged misconduct. He also requests that
no retaliation be taken against him for filing the appeal and seeks financial compensation.

### FINDINGS

I

The inmate claims on June 24, 2006 staff unjustly utilized Oleoresin Capsicum (OC) on him while housed in
his assigned cell. He was ordered to strip down to his boxer shorts, socks and shoes and placed into
handcuffs and escorted out of the cell for decontamination purposes. His shoes were then confiscated as he
was placed on a concrete yard which he claims had not been cleaned for sometime where he remained
handcuffed through the cold night without any food or means to use the restroom.

Upon returning to his cell the following morning he discovered that all of his property had been confiscated,
including his bedding and the remnants of OC lingered in the cell. His request for cleaning supplies was
denied and he remained without clothing, bedding, eating utensils and a means for maintaining his hygiene
for the next five days.

II

This complaint was assigned to a Use of Force Fact Finder for investigation. The Fact Finder interviewed
the inmate and staff concerning the allegations. The Fact Finder completed a report concerning the
allegations, the results of the investigation, and an explanation of how the conclusion was reached.

Supplement Page 2
Reyes, P-71966
Appeal # PBSP-A-06-01640

## DETERMINATION OF ISSUE

All submitted documentation and supporting arguments have been considered. Additionally, a thorough review has been conducted into the claim presented by the inmate and evaluated in accordance with PBSP's institutional procedures and departmental policies.

This incident is pending review by the Executive Review Committee (ERC) who will determine the finding for these allegations. The inmate will be advised of the finding at the completion of the ERC review. Retaliation will not be taken against the inmate as a result of the appeal in accordance with the California Code of Regulations Section 3084.1 (d), therefore, the APPEAL IS PARTIALLY GRANTED. However, financial compensation in not within the scope of the appeals process.

The inmate is also advised that this appeal addresses only the alleged misconduct and any request for the restoration of his program and modification to the disciplinary finding must be appealed separately. Furthermore, his request for a transfer should be discussed with his assigned counselor not via the appeals process.

## MODIFICATION ORDER

No modification of this decision is required.

ROBERT A. HOREL
Warden
Pelican Bay State Prison

BDS # 47 1-29-07

STATE OF CALIFORNIA                                           DEPARTMENT OF CORRECTIONS

CDC 1858 (2/97)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

**IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE.** [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| INMATE/PAROLEE PRINTED NAME  REYES EDUARDO | INMATE/PAROLEE'S SIGNATURE  *Reyes Eduardo* | CDC NUMBER  P-71966 | DATE SIGNED  2-19-07 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

State of California

Department of Corrections and Rehabilitation
Pelican Bay State Prison

# Memorandum

Date  :  September 11, 2006

To  :  REYES, P71966
AF02L 000000126U

Subject:  **EXCEPTIONAL DELAY IN REVIEW OF APPEAL LOG #:** PBSP-A-06-01640

This is to notify you that the due date on the above referenced appeal has been extended for the
following reason:

☐  Unavailability of the appellant, staff, or inmate witness.

☐  Complexity of the decision, action, or policy.

☐  Necessary involvement of other agencies or jurisdictions.

☒ *Waiting for completion of F/F.*

This notification is required per the California Code of Regulations, Title 15,
Section 3084.6(b)(6). The new estimated completion date is ___*9 - 21 - 06*___.

Appeals Coordinator
Pelican Bay State Prison

State of California

Department of Corrections and Rehabilitation
Pelican Bay State Prison

# Memorandum

Date : September 25, 2006

To : REYES, P71966
AF02L 000000126U

Subject: **EXCEPTIONAL DELAY IN REVIEW OF APPEAL LOG #:** PBSP-A-06-01640

This is to notify you that the due date on the above referenced appeal has been extended for the
following reason:

☐ Unavailability of the appellant, staff, or inmate witness.

☐ Complexity of the decision, action, or policy.

☐ Necessary involvement of other agencies or jurisdictions.

☒ Completion of F/F

This notification is required per the California Code of Regulations, Title 15,
Section 3084.6(b)(6). The new estimated completion date is _____ 10 - 5 - 06 _____.

Appeals Coordinator
Pelican Bay State Prison

State of California

Department of Corrections and Rehabilitation
Pelican Bay State Prison

# Memorandum

Date    :    October 5, 2006

To    :    REYES, P71966
AF02L 000000126U

Subject:    **EXCEPTIONAL DELAY IN REVIEW OF APPEAL LOG #:** PBSP-A-06-01640

This is to notify you that the due date on the above referenced appeal has been extended for the following reason:

☐ Unavailability of the appellant, staff, or inmate witness.

☐ Complexity of the decision, action, or policy.

☐ Necessary involvement of other agencies or jurisdictions.

☒ Pending completion of fact finder

This notification is required per the California Code of Regulations, Title 15, Section 3084.6(b)(6). The new estimated completion date is   10-18-06   .

Appeals Coordinator
Pelican Bay State Prison

State of California

Department of Corrections and Rehabilitation
Pelican Bay State Prison

# Memorandum

Date    :    October 17, 2006

To    :    REYES, P71966
AF02L 000000102U

Subject:    **EXCEPTIONAL DELAY IN REVIEW OF APPEAL LOG #:** PBSP-A-06-01640

This is to notify you that the due date on the above referenced appeal has been extended for the following reason:

☐ Unavailability of the appellant, staff, or inmate witness.

☐ Complexity of the decision, action, or policy.

☐ Necessary involvement of other agencies or jurisdictions.

✓ Awaiting completion of FIF.

This notification is required per the California Code of Regulations, Title 15, Section 3084.6(b)(6). The new estimated completion date is __11-18-06__.

Appeals Coordinator
Pelican Bay State Prison

State of California    .

Department of Corrections and Rehabilitation
Pelican Bay State Prison

# Memorandum

Date  :    November 20, 2006

To  :    REYES, P71966
        BF07U 000000221U

Subject:    **EXCEPTIONAL DELAY IN REVIEW OF APPEAL LOG #:** PBSP-A-06-01640

This is to notify you that the due date on the above referenced appeal has been extended for the
following reason:

☐  Unavailability of the appellant, staff, or inmate witness.

☐  Complexity of the decision, action, or policy.

☐  Necessary involvement of other agencies or jurisdictions.

✓  Awaiting completion of fact finder

This notification is required per the California Code of Regulations, Title 15,
Section 3084.6(b)(6). The new estimated completion date is  12-04-06                        .

Appeals Coordinator
Pelican Bay State Prison

State of California

Department of Corrections and Rehabilitation
Pelican Bay State Prison

# Memorandum

Date    :    November 30, 2006

To    :    REYES, P71966
BF07U 000000221U

Subject:    **EXCEPTIONAL DELAY IN REVIEW OF APPEAL LOG #:** PBSP-A-06-01640

This is to notify you that the due date on the above referenced appeal has been extended for the
following reason:

☐    Unavailability of the appellant, staff, or inmate witness.

☐    Complexity of the decision, action, or policy.

☐    Necessary involvement of other agencies or jurisdictions.
✓ Awaiting completion of fact finder

This notification is required per the California Code of Regulations, Title 15,
Section 3084.6(b)(6). The new estimated completion date is  12-29-06                .

Appeals Coordinator
Pelican Bay State Prison

State of California

Department of Corrections and Rehabilitation
Pelican Bay State Prison

# Memorandum

Date    :    December 28, 2006

To    :    REYES, P71966
BF07U 000000221U

Subject:    **EXCEPTIONAL DELAY IN REVIEW OF APPEAL LOG #:** PBSP-A-06-01640

This is to notify you that the due date on the above referenced appeal has been extended for the
following reason:

☐  Unavailability of the appellant, staff, or inmate witness.

☐  Complexity of the decision, action, or policy.

☐  Necessary involvement of other agencies or jurisdictions.
✓  Awaiting for completion of fact finder.

This notification is required per the California Code of Regulations, Title 15,
Section 3084.6(b)(6). The new estimated completion date is _01/29/07_ .

Appeals Coordinator
Pelican Bay State Prison



Edward Riggs P-11946
D4-110 PBSP P.O. BOX 7500
Crescent City, Ca 95532

PELICAN BAY STATE PRISON
5905 Lake Earl Dr
Crescent City CA 95532

UNITED STATES POSTAGE
$ 00.45⁰
02 1M
0004217695   JAN 31 2008
MAILED FROM ZIP CODE 95531

RECEIVED
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PELICAN BAY STATE PRISON
5905 Lake Earl Dr
Crescent City CA 95532

UNITED STATES POSTAGE
$ 02.50⁰
02 1M
0004217665   JAN 31 2008
MAILED FROM ZIP CODE 95531

COURT FOR THE NORTHERN DISTRICT
OF CALIFORNIA
450 GOLDEN GATE AVENUE, BOX 36060
SAN FRANCISCO CA. 94102

RECEIVED



EDUARDO REYES, Pro se litigant

C.D.C.# P-71966.

P.B.S.P. P.O.Box. 7500

CRESCENT CITY, CA. 95532

# ORIGINAL

UNITED STATES DISTRICT COURT

E-filing NORTHERN DISTRICT OF CALIFORNIA.

EDUARDO REYES.
Plaintiff

V.

ROBERT HOREL WARDEN. ET. AL.
Respondant.

**CV 08    0813**

CASE NO:

SUMMONS.

**SI**

**(PR)**

To. defendants: ROBERT HOREL, M. YAX, S. ANDERSON, "John DOES",
Sgt. Peppiot, SLAVEC, chapman, miller, Love, George
Richcreek, D. Nelson.

You are hereby jointly summoned and required to serve upon
plaintiff EDUARDO REYES, whose address is P.B.S.P., P.O. B. 7500, CRESCENT
CITY, CA. 95532, an answer to the complaint which is herewith served
upon you, within 20 days after service of this summons, if you fail
to do so, judgement by default will be taken against you for the relief
demanded in the complaint.