UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDUARDO REYES,

          Plaintiff,

    v.

RICHARD KIRKLAND, warden; et al.,

          Defendants.
                                      /

No. C 08-813 SI (pr)

**ORDER OF SERVICE**

## INTRODUCTION

Eduardo Reyes, an inmate at Pelican Bay State Prison, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A. His motion for appointment of counsel also is before the court for consideration.

## BACKGROUND

In his complaint, Reyes complains of being forcefully removed from his cell and then subjected to harsh conditions over the next few days. He alleges the following:

On June 24, 2006, the B-yard at Pelican Bay was put on lock-down and an emergency count was instituted because some inmates classified as "Southern Hispanics" began to cover the front of their cells with linens. Reyes is classified as a "Southern Hispanic." He was targeted by defendants to be removed from his cell and put in a concrete yard. Sergeant Peppiot and correctional officers Slavec, Chapman, Miller, Richcreek, George and Love approached Reyes' cell and ordered Reyes to submit to handcuffing. Without waiting for Reyes to comply, they

squirted O.C. spray and launched flash grenades into the cell. Defendants then required Reyes to strip down to his socks and boxer shorts and then took him handcuffed into the concrete yard. (The concrete yard apparently is a confined area with walls but not a roof.)

Reyes was left in the concrete yard handcuffed behind his back, along with all "Southern Hispanic" inmates for more than 16 hours in frigid temperatures. He was not fed breakfast or lunch the next day, could not defecate or urinate, and was not given "basic hygienic necessities" while in the yard. Complaint, p. 6.

At about 1:30 p.m. on June 25, 2006, he and other inmates were removed from the concrete yard and returned to their cells. When Reyes reached his cell, his socks were removed, so that he was then clothed in only his boxer shorts. He was put back in his cell, but the cell had not been fully decontaminated; there was residual orange powder and liquid in the cell from the O.C. spraying. All personal and state property had been removed from the cell – including the mattress, linens, hygienic supplies, and eating utensils. At dinner time, Reyes received his first meal of the day, but was not provided any utensils with which to eat it. When he asked for eating utensils and if the cell was going to be decontaminated, floor officer John Doe told him that he could eat with his hands and that the cell would not be decontaminated. This state of affairs continued for five days, i.e., a contaminated cell, no linen, no change of underwear, and no eating utensils. Reyes then was transferred to administrative segregation, where he filed a grievance about the foregoing treatment.

**DISCUSSION**

A.  Review Of Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police

2

1 Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

2   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that
3 a right secured by the Constitution or laws of the United States was violated and (2) that the
4 violation was committed by a person acting under the color of state law. See West v. Atkins,
5 487 U.S. 42, 48 (1988).

6   A prisoner has the right to be free from cruel and unusual punishment, including physical
7 abuse by guards. Whenever prison officials stand accused of using excessive physical force in
8 violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a
9 good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.
10 Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citing Whitley v. Albers, 475 U.S. 312, 317 (1986)).

11   The Eighth Amendment covers not only the use of force on prisoners but also sets a
12 minimum level for prison conditions, i.e., they may not be so bad that they amount to cruel and
13 unusual punishment. The Constitution does not mandate comfortable prisons, but neither does
14 it permit inhumane ones. See Farmer v. Brennan, 511 U.S. 825, 832 (1994); Helling v.
15 McKinney, 509 U.S. 25, 31 (1993). Prison officials must provide prisoners with the basic
16 necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety.
17 See Farmer, 511 U.S. at 832; Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). In a
18 conditions of confinement claim under the Eighth Amendment, the prisoner must show that: (1)
19 the deprivation is, objectively, sufficiently serious, and (2) the prison official acted with a
20 sufficiently culpable state of mind, i.e., deliberate indifference. See Farmer, 511 U.S. at 834

21   Liberally construed, the complaint states a claim for relief under 42 U.S.C. § 1983 for
22 excessive force by defendants sergeant Peppiot, C/O Slavec, C/O Chapman, C/O Miller, C/O
23 Richcreek, C/O George and C/O Love. These defendants allegedly used excessive force on
24 Reyes by using force to remove him from his cell without allowing him an opportunity to
25 comply with their orders to submit to handcuffs.

26   Liberally construed, the complaint also states a claims for an Eighth Amendment violation
27 based on Reyes' overnight detention in a concrete yard in frigid conditions and 5-day detention
28 in an O.C. contaminated cell without property. The complaint adequately links defendant

3

Anderson by alleging that Anderson was the B-yard sergeant and watch commander during the relevant time, was responsible for assigning crews to decontaminate the cells from the O.C. spray and was responsible for issuing the order that Reyes was to be detained outside overnight. Complaint, p. 3. The complaint links defendant Nelson to the overnight detention claim in that D. Nelson was alleged to be the control booth officer responsible for watching Reyes and the other defendants in the concrete yard overnight. Complaint, p. 4.

Liberally construed, the complaint also states a claim against the Doe defendant floor officer who refused Reyes' request to have his cell decontaminated. Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process in this action until they are identified by their real names. The court will not stall this action while plaintiff tries to learn the name of the Doe defendant. Rather, plaintiff must promptly take steps to discover the name of the unnamed defendant and provide that information to the court in an amendment to his pleading. The burden remains on the plaintiff; the court will not undertake to investigate the names and identities of unnamed defendants. If plaintiff has not provided a true name and address for service on any John Doe defendant by **October 3, 2008**, the defendant will be dismissed from the action without prejudice to plaintiff filing a separate action against him if he ever learns his true identity and finds him.

Defendants Horel (the warden) and Yax (the highest ranking officer in charge) are dismissed from this action because the allegations of the complaint do not show any personal participation in the acts and omissions of which plaintiff complains. These defendants apparently were included as defendants because they were in charge of the prison, but that is an insufficient ground for liability. There is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under Section 1983 arises only upon a showing of personal participation by a defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

4

B.     Motion For Appointment Of Counsel

Plaintiff has filed a motion for appointment of counsel. A district court has discretion under 28 U.S.C. § 1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factor is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Having considered both of these factors, the court concludes that exceptional circumstances requiring the appointment of counsel are not evident in this case. The motion for appointment of counsel is denied.

## CONCLUSION

For the foregoing reasons,

1.     The complaint states a claim for relief under 42 U.S.C. § 1983 against defendants Peppiot, Slavec, Chapman, Miller, Richcreek, George, Love, Anderson, Nelson, and John Doe for Eighth Amendment violations. The other defendants are dismissed without prejudice.

2.     The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon defendants, all of whom allegedly work at Pelican Bay State Prison:

- B-yard sergeant S. Anderson
- Sergeant Peppiot
- Correctional officer Slavec
- Correctional officer Chapman
- Correctional officer Miller
- Correctional officer Love
- Correctional officer George
- Correctional officer Richcreek
- D. Nelson (8 block control booth tower officer)

3.     In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

a.     No later than **October 3, 2008**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case

cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

      b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **November 7, 2008**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

      c.      If defendants wish to file a reply brief, the reply brief must be filed and served no later than **November 21, 2008**.

4.      All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

8. Plaintiff's motion for appointment of counsel is DENIED. (Docket # 4.)

IT IS SO ORDERED.

Dated: June 23, 2008

SUSAN ILLSTON
United States District Judge

7

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

EDUARDO REYES,

        Plaintiff,

v.

RICHARD KIRKLAND et al,

        Defendant.
_____/

Case Number: CV08-00813 SI

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 24, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eduardo Reyes P-71966
P.B.S.P.
P.O. Box 7500
Crescent City, CA 95532

Dated: June 24, 2008

Richard W. Wieking, Clerk
By: Tracy Sutton, Deputy Clerk