UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO REYES, | No. C 08-813 SI (pr) |
| Plaintiff, | **ORDER** |
| v. | |
| RICHARD KIRKLAND, warden; et al., | |
| Defendants. | |

A.  Unserved Defendants

This pro se prisoner civil rights action filed early this year concerned events that occurred at Pelican Bay State Prison in June and July of 2006. The court ordered service on nine defendants. The U.S. Marshal's Service representative has informed the court that the service attempts on six of those defendants were unsuccessful. The service of process return forms explain the reasons for non-service: Defendant S. Anderson was no longer at Pelican Bay and no other address had been provided for him. Defendants Chapman, Miller, George, Richcreek and D. Nelson were insufficiently identified because a first name had not been provided for any of them.

Plaintiff must provide a current address and both a first and last name for every unserved defendant. It is plaintiff's obligation, not the court's, to find out where they may be served and provide adequate identifying information to locate them. Plaintiff must promptly and diligently try to find a first name and a current address for each of these defendants. He might, for example, look in telephone books or write to the California Department of Corrections and

1 Rehabilitation personnel office and the Pelican Bay personnel office to attempt to learn a full name and current address for each of these defendants. Plaintiff must provide to the court a full name and current address for each of the unserved defendants no later than **December 12, 2008**. If plaintiff does not provide a current address for one or more of these defendants, or the Marshal is unable to serve the defendant(s) at the address(es) provided, the unserved defendant(s) will be dismissed from this action.

B. <u>Dispositive Motion Schedule</u>

In light of the service of process problem, the court VACATES the previously set briefing schedule for the motion for summary judgment or other dispositive motion. The request for extension of time to file such a motion by defendants is DENIED as moot. (Docket # 14.) After the unserved defendants problem is resolved, the court will set a new briefing schedule.

C. <u>Adding New Defendants</u>

Plaintiff filed a "motion for leave to reinstate AW M. Yax as a defendant." Defendant Yax was dismissed in the order of service because the complaint did not have any allegations that showed his personal participation in the acts and omissions of which plaintiff complained. The one-paragraph motion to reinstate did not have a proposed amended complaint but only a staff report of the incident attached as an exhibit that plaintiff apparently wanted the court to read to figure out his claim for him. The motion to reinstate Yax is DENIED. (Docket # 17.) To the extent plaintiff wants to assert a claim against Yax, the way to attempt to do so is by amending his complaint, not just submitting an exhibit.

Plaintiff also filed a motion to amend to add lieutenant Kays and associate warden Cook as defendants.[1] The two-page motion was not accompanied by a proposed amended complaint.

---

[1] Plaintiff stated in his motion that one or both defendants were replacing the John Doe defendant mentioned in his complaint; however, the text of the motion described the conduct of these two proposed new defendants in a way that indicated that neither was the John Doe floor officer whose conduct was described in the complaint. The motion therefore cannot be treated as an amendment to complaint to simply substitute the true name for a Doe defendant.

2

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires" but the court cannot make that determination without seeing the proposed new pleading. See Lake v. Arnold, 232 F.3d 360, 374 (3d Cir. 2000) ("Obviously, without this draft complaint, the District Court cannot evaluate the merits of a plaintiff's request . . . [T]he court had nothing upon which to exercise its discretion.")  The motion for leave to amend is DENIED without prejudice because plaintiff did not submit a proposed amended complaint. (Docket # 18.)

Finally, the court notes that neither the motion to reinstate a defendant nor the motion to amend were signed. Plaintiff must sign each and every motion and pleadings he files. See Fed. R. Civ. P. 11(a).

IT IS SO ORDERED.

Dated: October 10, 2008

_____
SUSAN ILLSTON
United States District Judge

3