UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDUARDO REYES,

        Plaintiff,

   v.

RICHARD KIRKLAND, warden; et al.,

        Defendants.
                                    /

No. C 08-813 SI (pr)

**ORDER FOR SERVICE OF PROCESS AND SCHEDULING**

## INTRODUCTION

Eduardo Reyes, an inmate at Pelican Bay State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. The court reviewed his complaint under 28 U.S.C. § 1915A and ordered service of process on nine defendants. Service of process was unsuccessful on six of those defendants because one was no longer at the prison, and the others were inadequately identified. Reyes submitted an amended complaint (docket # 22) in which he amplified his allegations against defendant Yax (who had been dismissed from the action because the complaint did not state a claim against him), provided a true name for the Doe defendant, and provided more detailed identifying information for several other unserved defendants. Defendants filed a motion to have the amended complaint screened under 28 U.S.C. § 1915A. This order reviews the amended complaint, orders service on several defendants, and sets a briefing schedule. This order also addresses Reyes' motions for appointment of counsel and for entry of default judgment.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

A prisoner has the right to be free from cruel and unusual punishment, including physical abuse by guards. Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citing Whitley v. Albers, 475 U.S. 312, 317 (1986)).

The Eighth Amendment covers not only the use of force on prisoners but also sets a minimum level for prison conditions, i.e., they may not be so bad that they amount to cruel and unusual punishment. The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. See Farmer v. Brennan, 511 U.S. 825, 832 (1994); Helling v. McKinney, 509 U.S. 25, 31 (1993). Prison officials must provide prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. See Farmer, 511 U.S. at 832; Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). In a conditions of confinement claim under the Eighth Amendment, the prisoner must show that: (1) the deprivation is, objectively, sufficiently serious, and (2) the prison official acted with a sufficiently culpable state of mind, i.e., deliberate indifference. See Farmer, 511 U.S. at 834

Liberally construed, the amended complaint states a claim for relief under 42 U.S.C. §

1983 for excessive force by defendants sergeant Peppiot, C/O Slavec, C/O Chapman, C/O Miller, C/O Richcreek, C/O George and C/O Love. These defendants allegedly used excessive force on Reyes by using force to remove him from his cell without allowing him an opportunity to comply with their orders to submit to handcuffs.

Liberally construed, the amended complaint also states a claim for an Eighth Amendment violation based on Reyes' overnight detention in a concrete yard in frigid conditions and 5-day detention in an O.C. contaminated cell without property. The amended complaint adequately links defendant Yax by alleging that he played a role in causing Reyes to be detained outside overnight. The amended complaint links defendant Nelson to the overnight detention claim in that D. Nelson was alleged to be the control booth officer responsible for watching Reyes and the other defendants in the concrete yard overnight.[1]

Liberally construed, the amended complaint states a claim against C/O Hamilton who refused Reyes' request to have his cell decontaminated.

Service of process has already been accomplished as to defendants Peppiot, Slavec and Love. The defendants who need to be served therefore are defendants Yax, Chapman, Miller, Richcreek, George, Love, Nelson, and Hamilton.

**CONCLUSION**

For the foregoing reasons,

1. The amended complaint states a claim for relief under 42 U.S.C. § 1983 against defendants Yax, Peppiot, Slavec, Chapman, Miller, Richcreek, George, Love, Nelson, and Hamilton for Eighth Amendment violations. All other defendants are dismissed.

---

[1] The amended complaint also adequately links defendant Anderson by alleging that Anderson was the watch sergeant during the relevant time, was responsible for assigning crews to decontaminate the cells from the O.C. spray and was responsible for issuing the order that Reyes was to be detained outside overnight. Although the amended complaint adequately pleads a claim against him, defendant Anderson is now dismissed because Reyes failed to provide the information he was ordered to provide so that Anderson could be served with process. See Oct. 10, 2008 Order, pp. 1-2.

3

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and all the orders in the case file upon these unserved defendants, all of whom allegedly work at Pelican Bay State Prison:

- M. Yax
- Correctional officer T. Chapman (badge # 66518)
- Correctional officer J. Miller (badge # 56479)
- Correctional officer D. George (badge # 70780)
- Correctional officer K. Richcreek (badge # 64311)
- D. Nelson (badge # 58661)
- Correctional officer C. Hamilton (badge # 70781)

3. Plaintiff's second motion for appointment of counsel is DENIED for the same reasons his first one was. (Docket # 21.)

4. Plaintiff's motion for entry of default judgment is DENIED because no defendant was in default at the time he filed the motion. (Docket # 23.)

5. Defendants' motion for screening of the amended complaint is GRANTED. (Docket # 27.) This order does the requested screening.

6. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

a. No later than **September 11, 2009**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **October 16, 2009**. Plaintiff must bear in mind the notice and warning regarding summary judgment in the original order of service as he prepares his opposition to any summary judgment motion.

c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **November 6, 2009**.

IT IS SO ORDERED.

Dated: June 15, 2009

_____
SUSAN ILLSTON
United States District Judge

4